Case No. SACV 11-0572 DOC (RNBx)                                                    Date: July 15, 2011

Title: COMMERCIAL JUDGMENT RECOVERY FUND 1 LLC v. A2Z PLATING CO., INC., ET AL.

|  |  |
|---|---|
| PRESENT: | |
| THE HONORABLE DAVID O. CARTER, JUDGE | |
| Julie Barrera | Not Present |
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

    Before the Court is A2Z Plating Co., et al. ("Defendant")'s Motion to Dismiss for improper service and failure to state a claim ("Motion to Dismiss") (Docket 6). After considering the moving, opposing, replying, and supplemental papers, the Court GRANTS Defendant's Motion.

**I.  BACKGROUND**

    On April 13, 2011, Commercial Judgment Recovery Fund 1 LLC ("Plaintiff") brought an action against A2Z Plating Co., Inc., et al. ("Defendants") under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), title 42, § 9601, *et seq.* (Docket 1). Plaintiff alleges that since 1983, Defendants have owned or operated metal plating and metal treatment businesses located at 1504-1507 South Sunol Drive, Los Angeles, CA 90023 and 1504-1508 South Downey, Los Angeles, CA 90023 (the "Site"). Pl.'s Compl. ("Compl.") ¶ 13. Plaintiff claims to have acquired a 51% interest in the Site on March 5, 2011. *Id.* at ¶ 16.

    Plaintiff contends that Defendants used or created hazardous substances at the Site and "caused or contributed to the spilling, leaking, disposal and release during their ownership and operation of the Site, thereby creating a condition of hazardous substance contamination at the Site." *Id.* at ¶¶ 14-15. As a result of Defendants' alleged contamination of the Site, Plaintiff claims it "shall

be requires [sic] to undertake remediation and response actions at the Site." *Id.* at ¶ 16. Plaintiff also asserts that it "has and will incur damages for remediation and cleanup of the Site." *Id.* at ¶ 21. Consequently, Plaintiff seeks cost recovery, contributions, and declaratory relief under CERCLA, §§ 9607 and 9613. *Id.* at ¶¶ 23, 27, 30.

Plaintiff served one defendant, Amit Sheth ("Mr. Sheth"), who is residing abroad with a copy of the summons and complaint by substitute service on April 25, 2011 at Cambridge Inn, Inc. ("Cambridge Inn"), a California corporation.[1] Pl.'s Opp'n ("Opp'n") 7. According to Plaintiff, Mr. Sheth was subject to substitute service at Cambridge Inn because it was his "usual place of business" within the meaning of the California Code of Civil Procedure, § 415.20(b). Defendants disagree and contend that service on Mr. Sheth was improper.

Defendants filed the present Motion to Dismiss for improper service as to Mr. Sheth and for failure to state a claim on which relief can be granted.

## II. LEGAL STANDARD

### A. Improper Service

Federal Rule of Civil Procedure 4(e) governs service on individual defendants. It provides:

> [A]n individual . . . may be served in a judicial district of the United States by . . . doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). An individual may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in a state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In California:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, *usual place of business*, or usual mailing address . . . in the presence of . . . a person apparently in charge of his or her office, place of business, or usual mailing address . . . .

---

[1] Defendants do not challenge the service of any other defendant.

Cal. Code Civ. Proc. 415.20(b) (emphasis added). The Judicial Council Comment to Section 415.20(b) provides that "[t]he term 'usual place of business' includes a defendant's customary place of employment as well as his own business enterprise." Judicial Council Comment to Cal. Code Civ. Proc. § 415.20(b).

### B. Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possible liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend be freely given whenever justice requires. This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III. DISCUSSION

#### A. Improper Service

Before discussing the adequacy of Plaintiff's Complaint, the Court first addresses the propriety of the service of process on Mr. Sheth. Plaintiff elected to follow California service of process rules when serving Mr. Sheth; specifically, the rule that allows for substitute service if the party cannot, with reasonable diligence, be served by ordinary methods. *See* Cal. Code Civ. Proc. 415.20(b).

##### 1. Reasonable Diligence

Defendants first argue that substitute service against Mr. Sheth was improper because Plaintiff failed to use reasonable diligence to attempt to personally serve Mr. Sheth before delivering

substitute service to the Cambridge Inn.[2]  Defs.' Reply ("Reply") 4.  Defendants rely on case law indicating that the fact that a subject of service is located abroad does not automatically entitle the party seeking service to resort to substitute service.  *See Levine v. Duchacova*, 2010 WL 4941951 (S.D. Cal. Nov. 30, 2010).  Plaintiff responds to this argument by presenting evidence that prior to initiating substitute service, a private investigator unsuccessfully attempted to locate Mr. Sheth's residence by using several online databases (Docket 21).  Decl. of Robert L. Smith, ¶ 2.  The investigator discovered that Mr. Sheth was connected to Cambridge Inn, "where [Mr. Sheth] reported to the California Secretary of State in public findings that he is the president and registered agent for service of process." *Id.* at ¶ 3.  The investigator also discovered that Mr. Sheth had been writing checks through Cambridge Inn's bank account from February 1, 2009 to April 30, 2010.  *Id*. at ¶ 5.

Considering that California's substitute service statute is to be "liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant," Plaintiff's efforts to personally serve Mr. Sheth constitute reasonable diligence.  *See Ellard v. Conway*, 94 Cal. App. 4th 540, 544.  Indeed, given that Mr. Sheth received actual notice of this action, the Court merely confirms the statute's legislative intent that "[t]he liberal construction [of the statute], it is anticipated, will eliminate unnecessary, time-consuming, and costly disputes over legal technicalities, without prejudicing the right of defendants to proper notice of court proceedings."  *Pasadena Medi–Center Associates v. Superior Court*, 9 Cal. 3d 773, 788 (1973).

## 2. Propriety of Service at Cambridge Inn

Defendants next argue that, even assuming that Plaintiff exercised reasonable diligence in attempting to serve Mr. Sheth personally, substitute service was improper because Cambridge Inn was not Mr. Sheth's "dwelling or usual place of abode" as required by Federal Rule 4(e)(2), nor was it Mr. Sheth's "usual place of business, or usual mailing address" as required by California law.  Mot. 8.  Defendants contend that Mr. Sheth lives and has lived outside of the country for the past six years, and that Mr. Sheth's activity at Cambridge Inn "has been minimal," limited to "brief visits of a couple of hours."  Mot. 9; Reply 3.

Plaintiff, by contrast, maintains that Mr. Sheth is subject to service at Cambridge Inn because Mr. Sheth is Cambridge Inn's CEO.[3]  Opp'n 8.  Plaintiff argues that Cambridge Inn is Mr.

---

[2] Defendants first raised this argument in their Reply (Docket 17).  To afford Plaintiff the opportunity to respond, this Court ordered Plaintiff to submit supplemental briefing addressing the question of whether reasonable diligence was used to personally serve Mr. Sheth prior to substitute service (Docket 19).

[3] Mr. Sheth filed two Statements of Information with the California Secretary of State in 2003 stating that Mr. Sheth is the CEO, sole director, and registered agent of Cambridge Inn.  Exs. 2 and 3 to Defs.' RJN (Docket 13).  Because the Statements of

Sheth's "usual place of business" because it is Mr. Sheth's "own business enterprise." Opp'n 9 (citing Judicial Council Comment to Cal. Code Civ. Proc. § 415.20(b)).

There is little case law explaining the phrase "own business enterprise," which the Judicial Council Comment uses to define "usual place of business" in the California Code of Civil Procedure, § 415.20(b). However, the Ninth Circuit Court of Appeals decision in *Coomes v. Shamji* is particularly on-point. 260 Fed. Appx. 988 (9th Cir. 2007). In *Coomes*, the Court affirmed the Dictrict Court's decision that service had occurred at the defendant's usual place of business, despite the fact that the defendant lived abroad and only maintained sporadic contacts with the business. *Id.* At the time of service, the defendant was a citizen and resident of Great Britain. Brief for Appellant at 12 Coomes v. Shamji, 260 Fed. Appx. 988 (9th Cir. 2007), 2006 WL 2984713. The defendant argued that substitute service was improper because service was delivered to a New Jersey business in which the defendant had invested. *Id.* The defendant had also assisted "the day-to-day executive in charge of [the business]. But that assistance ha[d] always been sporadic . . . ." *Id.* Finding the New Jersey business to be the defendant's "business enterprise," the Court affirmed the District Court's ruling that the defendant was served at his usual place of business. *Coomes*, 260 Fed. Appx.

Like the defendant in *Coomes*, Mr. Sheth was living out of the country when service occurred. Although Mr. Sheth's activity at Cambridge Inn may have been sporadic, the conceded fact that Mr. Sheth was the CEO of Cambridge Inn at the time of service is sufficient to establish that Cambridge Inn was Mr. Sheth's "usual place of business" as defined in the Judicial Council Comment to the California Code of Civil Procedure, § 415.20(b). Indeed, this conclusion is consistent with California's interpretation that the statute governing substitute service shall be "liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant . . . ." *Ellard v. Conway*, 94 Cal. App. 4th 540, 544 (citing *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1392 (1992)). The Court finds that Plaintiff properly served Mr. Sheth through substitute service.

### B. Failure to State a Claim

Having confirmed that the Complaint was properly served on all Defendants, the Court turns to the sufficiency of the Complaint's allegations. Plaintiff brings three causes of action in its Complaint: (1) "Cost Recovery under CERCLA Section 107(a)," (2) "Contribution under CERCLA Section 113," and (3) "Declaratory Relief." All claims aim to secure repayment of the costs Plaintiff allegedly expended in cleaning up the Site. Plaintiff's first two causes of action explicitly invoke CERCLA, and Plaintiff's third cause of action for declaratory relief rests wholly on Plaintiff's

---

Information were from 2003, the Court ordered Defendants to submit supplemental briefing confirming that Mr. Sheth was the CEO of Cambridge Inn at the time of service on April 25, 2011 (Docket 19). In its Brief, Defendants conceded that Mr. Sheth was Combridge Inn's CEO when service was delivered (Docket 20). Defs.' Supp. Brief 2.

contention that CERCLA was violated. Accordingly, the survival of Plaintiff's Complaint depends on whether Plaintiff has adequately stated a claim under this statute.

To state a claim for recovery of clean-up costs under CERCLA, Plaintiff must allege (1) that the Site is a "facility," (2) that a "release" or "threatened release" of hazardous substances occurred, (3) that Plaintiff incurred costs in responding to the release or threatened release, and (4) that Defendants are liable. *See United States v. Chapman,* 146 F.3d 1166, 1169 (9th Cir. 1998); *see also California Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1044 (C.D. Cal. 2002). These are also requisite elements for a claim of contribution and declaratory judgment under CERCLA, § 9613.

In their Motion, Defendants point out that Plaintiff's Complaint does not allege the required element of incurred costs. Mot. 8. In its Opposition, Plaintiff concedes its failure to do so. Opp'n 2. Plaintiff therefore stipulates to dismissal of the Complaint, but requests leave to amend. *Id.*

Defendants oppose Plaintiff's request for leave to amend. Defendants do not argue that granting leave to amend would be futile, be in bad faith, create undue delay, or cause undue prejudice. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (noting that following a response, leave to amend "should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."). Rather, Defendants oppose Plaintiff's request merely because Plaintiff did not "state a cause of action" in its Complaint. Reply 1. Such a conclusory argument does not convince the Court to deny Plaintiff's request. Nor does the Court feel that the deficiencies in Plaintiff's Complaint could not possibly be cured by amendment. Thus, the Court grants Plaintiff's request to amend its Complaint.[4]

## VI. DISPOSITION

---

[4] Defendants also request a ruling on whether Plaintiff's Complaint satisfies the pleading standards laid out in *Twombly*, notwithstanding Plaintiff's failure to allege a required element of a CERCLA claim. Because the absence of any allegations pertaining to incurred costs suffices to necessitate dismissal, the Court need not evaluate the adequacy of the rest of Plaintiff's Complaint. The Court does note, however, that, contrary to Plaintiff's assertion in its moving papers, the pleading standard explained in *Twombly* and *Iqbal* applies to Plaintiff's claims. *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 729 (5th Cir. 2011) (reviewing defendant's motion to dismiss plaintiff's CERCLA claim by using *Twombly*'s pleading requirements); *City of Colton v. Am. Promotional Events, Inc.*, 2011 WL 486577 (C.D. Cal. Feb. 4, 2011) (applying *Twombly* to defendant's motion to dismiss plaintiff's CERCLA action).

For the reasons stated above, the Court DENIES Defendants' Motion to Dismiss for improper service of process.

The Court further GRANTS Defendants' Motion to Dismiss for failure to state a claim. Plaintiff's claims are DISMISSED WITH LEAVE TO AMEND.

Plaintiff shall file any amended complaint no later than Tuesday, August 2, 2011.

The Clerk shall serve this minute order on all parties to the action.